SUAREZ, J.
The Florida Department of Children & Families (“DCF”) petitions this court for a writ of certiorari and requests that we quash the trial court’s Custody Release Order dated April 24, 2008. We grant the petition.
Infant, Dei. N., was taken into DCF care for a second time on April 24, 2008. DCF filed the present affidavit and Petition for Placement after the death of Dei. N.’s twin on April 24, 2008, alleging abuse by the parents. The trial court started the shelter hearing on April 25, 2008, and was presented with a March 31, 2008 home study that identified the mother and maternal grandmother as the caregivers. The March 31 home study, unlike a prior home study, did not approve placement of Dei. N. in this home. The trial court continued the shelter hearing by stating that the trial court could not make a finding of probable cause at that time as the trial court required additional information to determine the risk to the child. The trial court then entered the custody release order in question, removed Dei. N. from the care of DCF and placed her with the maternal grandmother.[1] In doing so, the trial court apparently chose to reject the unfavorable March home study and rely on the prior home study, yet failed to place in its order the statutorily required finding that the trial court determine such placement to be in the child’s best interest. See § 39.521(2)(r), Fla. Stat. (2007). The trial court departed from the essential requirements of the law by failing to follow this statutory requirement.[2]
We grant the petition for writ of certio-rari and quash the custody release order. Dei. N. shall remain in the custody of DCF until the conclusion of the required shelter hearing.
Petition for Certiorari granted.

. The custody release order stated that the parents could only have visitation under the supervision of the maternal grandmother. The mother and father live in the same home with the maternal grandmother.

. We do not address the issue of whether, by placing Dei. N. in the custody of the maternal grandmother, the court was actually placing the child in a shelter without making the required probable cause finding.